JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV-12-06341-RGK (AGRx)** | Date | October 16, 2012 |
|---|---|---|---|
| Title | ***JUN LIU v. AT&T CORP. et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**      **(IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 14)**

## I.    INTRODUCTION & FACTUAL BACKGROUND

On June 14, 2012, Jun Liu ("Plaintiff") filed a Complaint against AT&T Corporation ("AT&T"), John Wiley, Christopher Sheets, Kenneth Sansonetti ("Sansonetti"), Michelle Lorraine Abbott ("Abbott") (collectively, "Defendants") in Los Angeles County Superior Court. In the Complaint, Plaintiff alleges claims arising from his employment and wrongful termination from AT&T.

On July 24, 2012, AT&T removed this action based on federal question jurisdiction[1] pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims. Defendants John Wiley and Christopher Sheets, both AT&T employees joined the removal. But Defendants Sansonetti and Abbott, AT&T contractors, did not. AT&T alleges that they were not required to join Sansonetti and Abbott because neither of them had been properly served or service had been defective.

Presently before the Court is Plaintiff's Motion to Remand. For the following reasons, the Court **GRANTS** Plaintiff's Motion.

## II.    JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "The court may order remand for either a lack of subject matter jurisdiction or for a procedural defect in the actual removal procedure." *Voga et al. v. U.S. Bank et al.*, No. 3:11-cv-316 RCJ, 2011 WL 5180978, at *2 (D. Nevada Oct. 27, 2011) (citing § 1447(c)). "[R]emoval statutes should

---

[1] Plaintiff's employment with AT&T was governed by a collective bargaining agreement between AT&T and the Communications Workers of America.

be construed narrowly in favor of remand to protect the jurisdiction of state court." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005).

Generally, all defendants must join or consent to a notice of removal. § 1446(a); *Prize Frize, Inc. v. Matrix (U.S.) Inc.,* 167 F.3d 1261, 1266 (9th Cir.1999), *superseded by statute on other grounds*. "Where fewer than all the defendants have joined in a removal action, the removing party has the burden under section 1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal." *Prize Frize,* 167 F.3d at 1266. Absent an adequate explanation, the removal notice is procedurally defective. *Id*. If the defect is not cured within thirty-days of the notice of removal, removal is improper. § 1447(c); *id*.

## III.     DISCUSSION

Plaintiff contends that remand is appropriate, because AT&T, as the removing defendant, failed to join all properly served Defendants in the Notice of Removal, rending the removal procedurally defective. Specifically, Plaintiff alleges that AT&T failed to join or obtain consent for removal from Defendants Sansonetti and Abbott. The Court agrees and **GRANTS** Plaintiff's Motion to Remand.

In general, all defendants are required to join in a notice of removal, however, unanimity of defendants is not required where "the defendant who has not joined in the petition was not properly served before the notice of removal." *Voga*, 2011 WL 5180978, at *3 (citing *Salveson v. W. States Bankcard Ass'n*, 731 F.3d 1423, 1429 (9th Cir. 1984)), *superceded by statute on other grounds*. When service occurred prior to removal, the sufficiency of service is determined according to state law. *Lee v. City of Beaumont,* 12 F.3d 933, 937 (9th Cir.1993).

The Court finds that AT&T was required to join at least one absent defendant, Sansonetti, because he was properly served by substitute service prior to removal. Under California Code of Civil Procedure § 415.20(b), substitute service is permitted "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person." To effectuate substitute service: (1) a copy of the summons and complaint must be left at the individual's dwelling house, usual place of business, or usual mailing address; (2) the summons and complaint must be left with either a competent member of the household or a person in charge of the place of business and that person must be told what the papers are; and (3) copies of the summons and complaint must thereafter be mailed to the individual at the place where the copies were left. Cal. Civ. Proc. Code § 415.20. Statutes governing substitute service shall be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant." *Ellard v. Conway,* 94 Cal. App. 4th 540, 544 (2001) (citation omitted).

In this case, Sansonetti admits to having actual notice of Plaintiff's suit, because he received a copy of the summons and complaint prior to removal. Thus, the Court liberally construes the substitute service statute and accordingly, finds that all requisite elements for substitute service are met. On June 25-26, 2012, Plaintiff made a good faith effort to personally serve Sansonetti twice at AT&T's Hawthorne facility, his usual place of business. (DE 13, Ex. D.) Both times the security guard on duty would not permit Plaintiff's process server to access the facility. On July 27, 2012, the process server effectuated substitute service at the same facility. The process server left a copy of the summons and complaint within close proximity of a person in charge, in this case a security guard at the gateway of the facility, and informed the guard of the contents of the papers. *Bein v. Brechtel-Jochim Grp, Inc.*, 6 Cal. App. 4th 1387, 1393 (1992) (holding that a security guard at a gated community was considered a "competent member of the household" or "person in charge" for purposes of substitute service on defendants who were residents of the community). On the same day, Sansonetti received these papers. Then on June 29, 2012, a copy of the summons and complaint was mailed to Sansonetti. (DE 13, Ex. D.)

In light of the forgoing, Plaintiff properly served Sansonetti by June 29, 2012, prior to AT&T's July 24, 2012 Notice of Removal. Because AT&T failed to join or obtain consent from Sansonetti prior to filing the Notice, removal of this action is procedurally defective

AT&T also failed to cure this defect and join Sansonetti within thirty days after filing the Notice for Removal as permitted by § 1447(c). *Prize Frize*, 167 F.3d at 1266. AT&T filed the Notice of Removal on July 24, 2012, but did not receive consent from Sansonetti until August, 29, 2012. Accordingly, because AT&T's Notice of Removal is procedurally defective and the defect was not cured within the thirty-day period permitted for joinder, removal is improper.[2]

## IV.   CONCLUSION

In light of the forgoing, the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

:

Initials of Preparer

---

[2] Because the Court finds that removal is defective based on the failure to join Sansonetti, it declines to determine whether the other absent defendant, Abbott, was properly served.